CASE 72.—ACTION BY C. M. LANGDON AGAINST HARRY EL-
LISON AND OTHERS.—December 7, 1909.

## Ellison, &c. v. Langdon

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Sheriffs and Constables—Bonds—Collection of Taxes—Penalties.—
Where a deputy sheriff executed bonds to the sheriff author-
ized by the statute, requiring him to pay over to plaintiff all
sums legally collected by him as taxes, etc., the sureties were
liable for his failure to pay over to the sheriff the 6 per cent.
penalty imposed by Ky. St. 1903, Sec. 4143, on delinquents
which the deputy collected, whether such penalty belonged
to the county and state or to the taxpayers, because the
sheriff, with his owns means and borrowed money, paid to
the county and state all the taxes for which he was bound
before they became delinquent.

DENTON .& WALLACE attorneys for appellants.

It is clear in the case that the appellee did not pay off the
taxes on December first, to accomodate the County, State or
people, but was actuated solely by the prospect of gain on the
transaction.

We therefore conclude:

1. That appellee by his own acts prevented the happening of
the only contingency upon which the tax-payer was due either
the State or County, any sum whatever as interest or penalties,
that therefore there was no penalty or interest to be or that
could be legally collected from the taxpayer.

Ellison, &c., v. Langdon.

2. Conceding that Ellison wrongfully collected any penalties from the people, this does not entitle the appellee to the same or any part of the money, so wrongfully collected, and he will not be heard to ask for a sum of money to which neither he nor his deputy have any right.

### AUTHORITIES CITED.

Ky. Statutes, Section 1885, Section 4143; Adams v. Saunders, 46 Southern Reporter, 960; Commonwealth, etc., v. Pate, etc., 85 S. W., 1096; Fidelity & Deposit Co., of Maryland, v. Logan County, 119 Ky. Reports, 428; Hill v. Fleming, etc., 107 S. W., 764.

WESLEY & BROWN attorneys for appellee.

The penalties, for which this action was instituted, are part of the "taxes on the lists of the above mentioned precincts." They have not been paid; therefore the terms of the bond have been broken and appellee is entitled to recover thereon.

### AUTHORITIES CITED.

Kentucky Statutes, Section 4143; Commonwealth, &c., v. Pate, &c., 85 S. W., 1096; Fidelity & Deposit Co., of Maryland, v. Logan County; 119 Kentucky Reports, 428.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

Appellee was sheriff of Pulaski county, Ky., for four years, including the years 1900 and 1901. Appellant Harvey Ellison was his deputy, and the other appellants were Ellison's sureties on his bond for the two years mentioned. The stipulations in the bonds for each of the two years named were the same. We copy from one of the bonds that part which has reference to the question at issue, to-wit: "We further agree and bind ourselves that we will hold the said Langdon harmless as to the collection of taxes placed in the said Ellison's hands for collection. The said Ellison having agreed to take the books and collect the taxes for the following precincts: Glades, Dalla,

and Burdine—and said Harvey Ellison, by taking said books, became responsible for all taxes therein to said sheriff, and we are hereby bound to said sheriff that said Ellison shall fully and truly pay to said C. M. Langdon, in the amounts and at the time required by the statutes of the state of Kentucky, all taxes on the lists of above-mentioned precincts, including state, revenue, county levy, road tax, and any and all other taxes or revenues coming into his hands as such deputy sheriff for collection by virtue of his said office; it being distinctly understood that, by the acceptance of the books and tax list for said precincts, said Ellison became responsible to said Langdon for the whole thereof, except such as is released in pursuance of law, and entirely relieved said Langdon of the collection of said taxes or any part thereof.'' Appellee instituted suit upon these bonds, and recovered a judgment for $276, from which this appeal is prosecuted.

Appellants admitted owing $23 to appellee, and they tendered this amount with their answer, claiming that no greater amount should be recovered of them. They contend that the balance of the judgment consists of the "6 per centum additional on the tax" due and unpaid by the taxpayers after the first day of December in each year, as provided in section 4143, Kentucky Statutes of 1903, which statute went into effect in 1894. They did not deny that the deputy had collected that per centum from the taxpayers, but alleged that appellee was not entitled to it, for the reason that the taxpayers were entitled to have it returned to them, or it was due the county and state. It was shown, without contradiction, that the sheriff, with his own means and with money he bor-

rowed for that purpose, paid the county and state all the taxes for which he was bound before the 1st of December in each of the years, and obtained a quietus from both the county and state. By section 4143, supra, it is provided: "Any person or persons, failing to pay their taxes by the 1st day of December in the year following the assessment for such taxes, shall pay 6 per centum additional on the tax so due and unpaid. * * * The Auditor, in his settlement with the sheriff, shall charge him with the several penalties accruing under the provisions of this act."

This court, in the case of Commonwealth v. Pate, 85 S. W. 1096, 27 Ky. Law Rep. 623, said: "By section 4143, Ky. Stat., any person failing to pay his taxes by the 1st day of December after it is due, shall pay a penalty of 6 per cent. on the amount unpaid, and it is the duty of the sheriff to collect the penalty, as well as the principal, and must pay it over to the proper authority before the 1st day of the succeeding January, or himself pay a penalty of 6 per cent. on the amount wrongfully withheld."

Appellee contends that he is entitled to this per cent. collected by appellant from delinquent taxpayers in the three precincts mentioned to reimburse him for the interest on the money he advanced to the county and state for them and to save himself the penalties provided in the section of the statute referred to. This question, however, is not before us, and we do not decide it. If the county and state, or the taxpayers, are entitled to this fund, they have a right to look to the sheriff and his sureties for it. The bonds were executed to the sheriff, as authorized by the statute, and they required appellant Ellison to account for and pay over to appellee all sums legally collected by him. The statute fixes 6 per cent. as a

penalty against delinquents, and requires them to pay that amount as a penalty for their delinquency; but it is not provided or intimated in the statute that the taxpayers should be relieved from it if the sheriff advanced the taxes for them before he became delinquent and a like penalty assessed against him.

It is our opinion that the judgment of the lower court is correct, and it is therefore affirmed.